# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GREGORY WALLACE,**
**#2016-0910104,**

      **Plaintiff,**

                                  Case No. 3:17–cv–00487–DRH

**vs.**

**LAWRENCE CORRECTIONAL**
**CENTER,**

      **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Plaintiff Gregory Wallace, an inmate who is currently detained at Cook County Jail, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). This case was transferred from the United States District Court for the Northern District of Illinois to the Southern District of Illinois on May 10, 2017. *See Wallace v. Lawrence Corr. Ctr.*, No. 17-cv-03299 (N.D. Ill. filed May 1, 2017). In the Complaint, Plaintiff alleges that he fell down the stairs at Lawrence Correctional Center and injured his lower back and leg. (Doc. 1, p. 6). He claims that these injuries could have been avoided if he had been housed on the lower level of the prison, consistent with his medical permits. (Doc. 1, pp. 6-8). Plaintiff sues the prison for neglect, but includes no request for relief. (Doc. 1, p. 6).

      The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint does not survive screening under this standard and shall be dismissed.

## Complaint

Plaintiff brings the instant action against Lawrence Correctional Center for neglect. (Doc. 1). He includes no allegations on the two pages available for his statement of claim. (Doc. 1, pp. 4-5). In his request for relief, Plaintiff simply asserts that he is suing the "[i]nstitution for neglecting to house [him] in [the]

lower level which resulted in [his] injury of falling down stair[s] [and] injuring [his] lower back and left leg." (Doc. 1, p. 6). He seeks no relief. *Id*.

Along with the Complaint, Plaintiff submitted a copy of a medical permit for a quad cane that was issued on December 24, 2016. (Doc. 1, p. 7). He also included a copy of a permit for housing on a low gallery "due to his medical conditions" that was issued on January 31, 2017. (Doc. 1, p. 8).

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

> **Count 1** - Eighth Amendment deliberate indifference to medical needs claim against Defendant for denying Plaintiff housing in a low gallery and/or providing him with inadequate medical care for the injuries he sustained from falling down the prison's stairs.
>
> **Count 2** - Americans with Disabilities Act ("ADA") and/or Rehabilitation Act claim against Defendant for failing to house Plaintiff on a low gallery.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

Neither claim survives screening and shall therefore be dismissed. However, the dismissal of Counts 1 and 2 shall be without prejudice. Plaintiff shall have an opportunity to re-plead both claims, if he chooses, by filing a First Amended Complaint according to the deadline and instructions set forth in the disposition.

**Count 1**

The Complaint supports no Eighth Amendment claim against the prison. The Eighth Amendment protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment. U.S. CONST., amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). A prisoner who wishes to bring a claim against state officials under the Eighth Amendment must show that he suffered from a sufficiently serious medical condition (*i.e.*, an objective standard) and state officials exhibited deliberate indifference to his medical needs (*i.e.*, a subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The Complaint does not satisfy either standard. With regard to the objective component of this claim, it is impossible for the Court to evaluate the seriousness of Plaintiff's medical condition. He has not identified what condition necessitated the use of a cane or low gallery/low bunk permit. Plaintiff has also not described the injuries he sustained from falling down the stairs with enough detail to determine that they were serious.

With regard to the subjective component, Plaintiff has not identified the particular individual(s) who exhibited deliberate indifference to his serious medical needs. To state a claim under the Eighth Amendment, Plaintiff must name the individual(s) who knew of his serious medical needs and his permits but denied him appropriate housing and/or medical care. The Eighth

Amendment requires deliberate indifference on the part of an individual defendant. Negligence, or even gross negligence, does not support an Eighth Amendment claim. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *accord Berry*, 604 F.3d at 440; *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Plaintiff names Lawrence Correctional Center as the only defendant. The prison is not a "person" who is subject to suit for money damages under § 1983. The prison is a division of the Illinois Department of Corrections, which is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Lawrence Correctional Center shall therefore be dismissed from this action with prejudice.

The Eighth Amendment claim in Count 1 shall be dismissed. Plaintiff may not reassert this claim against Lawrence Correctional Center. However, Count 1 shall be dismissed without prejudice, so that Plaintiff may bring it against the individual(s) who exhibited deliberate indifference to his serious medical needs.

**Count 2**

The Complaint also supports no claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act, 29 U.S.C. §§ 794-94e. Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act also prohibits discrimination by entities receiving federal funding (such as state prisons) against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. Discrimination under both includes the failure to accommodate a disability. *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012).

At this stage, the Court finds no basis for allowing Plaintiff to proceed with a claim under the ADA or Rehabilitation Act. For one thing, Plaintiff has not alleged that he is a qualified individual with a disability or that he was subject to discrimination at the prison. Further, he has not named the proper defendant in connection with an ADA or Rehabilitation Act claim. The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his or her official capacity)). Finally, it is unclear what relief Plaintiff seeks and whether it is even available under the ADA or Rehabilitation Act.

The ADA and/or Rehabilitation Act claim in Count 2 shall also be dismissed. Plaintiff may not reassert this claim against Lawrence Correctional Center. However, Count 2 shall be dismissed without prejudice, so that Plaintiff may re-plead this claim in his First Amended Complaint, if he chooses to do so.

### Pending Motions

1. **Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 3)**

   Plaintiff's IFP Motion shall be addressed in a separate court order.

2. **Motion for Attorney Representation (Doc. 4)**

   Plaintiff's request for the Court's assistance in recruiting counsel to represent him in this matter is **DENIED without prejudice**. Plaintiff filed an incomplete motion in support of his request. (Doc. 4). In it, he disclosed no efforts to secure an attorney on his own before seeking the Court's assistance. (Doc. 4, p. 1). Beyond indicating that he has a limited education, he disclosed no other impediments to proceeding with his case *pro se*, such as emotional, intellectual, physical, language, or other barriers. (Doc. 4, pp. 1-2).

   There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th

Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff has not cleared the first hurdle.  He has demonstrated no efforts to seek counsel on his own.  (Doc. 4, p. 1).  Further, the Court is still trying to understand the nature and scope of his claims.  He has competently articulated the general reason for initiating this suit, and he has demonstrated an ability to communicate in writing and prepare pleadings.  Plaintiff simply needs to elaborate on his claims against each individual who violated his federal constitutional or statutory rights.

Under the circumstances, Plaintiff's request for counsel is denied.  However, the denial is without prejudice, and the Court remains open to recruiting counsel on Plaintiff's behalf as the proceeds.  Plaintiff is free to renew his request for counsel by filing a Motion for Recruitment of Counsel at any time

he deems it necessary and appropriate, after first making an effort to secure counsel on his own.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **LAWRENCE CORRECTIONAL CENTER** is **DISMISSED** with prejudice from this action because the Complaint states no claim against this defendant upon which relief may be granted.

**IT IS ORDERED** that **COUNTS 1** and **2** are otherwise **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in this case **on or before June 19, 2017**. Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 17-487-DRH) on the first page. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail

Plaintiff a blank civil rights complaint form, as well as a form motion for recruitment of counsel.

In the amended complaint, Plaintiff must describe the actions taken by each defendant that resulted in the deprivation of his federal constitutional and/or statutory rights. He should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. **He must include a request for relief, which typically includes money damages, injunctive relief, or both.** *See* FED. R. CIV. P. 8(a)(3). **Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint.  See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 20th day of May, 2017.

Judge Herndon
2017.05.20
06:43:01 -05'00'

**UNITED STATES DISTRICT JUDGE**

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.