IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY WALLACE,
#R18196,

Plaintiff,

vs.

NICHOLAS LAMB,
JOHN DOE 1,
JOHN DOE 2,
and JOHN DOE 3,

Defendants.                    Case No. 17-cv-487-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is now before the Court for preliminary review of the Second Amended Complaint prepared by Attorney Edward C. Eytalis on behalf of Plaintiff Gregory Wallace. (Doc. 30). Plaintiff is incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). He brings this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Illinois negligence law. In his Second Amended Complaint, Plaintiff alleges that officials at Lawrence Correctional Center ("Lawrence") refused to recognize a medical permit he was issued for a low bunk and low gallery in April 2017. (Doc. 30, pp. 1-6). As a result, Plaintiff sustained injuries when he fell down the prison's stairs. *Id*. He was denied medical care, as well as access to other prison programs and

services. *Id*. Plaintiff names Lawrence's warden (Nicholas Lamb) and several unknown correctional officers (C/O John Doe ##1-3) as defendants. *Id*. He seeks monetary damages against them. (Doc. 30, pp. 3-4, 6).

The Second Amended Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. As discussed in more detail below, the Second Amended Complaint survives preliminary review.

## Second Amended Complaint

According to the allegations set forth in the Second Amended Complaint, Plaintiff suffers from "serious weakness" in his left leg as a result of an old gunshot wound. (Doc. 30, pp. 2-5). Screws have been surgically placed in his left knee and hip, and a rod extends from his knee to his hip. *Id*. In addition, three slugs remain lodged in Plaintiff's left thigh. *Id*.

Plaintiff has difficulty ascending and descending stairs. (Doc. 30, p. 4). As a result, he requires housing on the prison's lower level and assignment to a low bunk. *Id*. He also requires the use of assistive devices, such as a wheelchair, crutches, etc., to access programs and services at the prison. *Id*.

During his incarceration at Lawrence on January 31, 2017, Plaintiff was issued a medical permit for a low gallery and low bunk assignment. (Doc. 30, pp. 2-3, 7). A medical provider at Lawrence issued the permit. (Doc. 30, p. 7). However, when Plaintiff presented it to C/O Doe #1 during the second week of April 2017, the correctional officer ignored it. (Doc. 30, p. 2). C/O Doe #1 said, "I don't make the rules and there are no open ADA cells on the low gallery." *Id*. The same week, Plaintiff presented the permit to C/O Doe #2, and the second correctional officer also ignored it. *Id*.

On April 18, 2017, Plaintiff fell down a flight of stairs while attempting to walk from his cell on an upper gallery. (Doc. 30, p. 2). He sustained a strain or sprain to his lower back, bruises to his inner thigh, and generalized pain. (Doc. 30, p. 3). Plaintiff was scheduled to see a doctor about his injuries the following day. *Id*.

When Plaintiff presented C/O Doe #3 with his permit and asked to see the doctor the next day, the third correctional officer would not allow him to do so. (Doc. 30, p. 3). Plaintiff was instead transferred to another facility. *Id*. In the process, C/O Doe #3 also denied Plaintiff's request for use of a wheelchair, crutches, or ADA van. *Id*.

Plaintiff now brings claims against the defendants for exhibiting deliberate indifference to his serious medical needs under the Eighth Amendment, violating his right to access prison programs and services under the ADA, and negligence under Illinois law. (Doc. 30, pp. 1-6).

## Discussion

The court previously identified the following claims at issue in this case:

**Count 1** - Eighth Amendment deliberate indifference claim against Defendants for denying Plaintiff a low bunk in a low gallery, failing to adequately treat the injuries he sustained from falling down the prison's stairs, and denying him use of a wheelchair, crutches, or ADA van.

**Count 2** - ADA and/or RA claim against Defendants for failing to accommodate Plaintiff's disability by providing him with a low bunk on a low gallery, forcing him to use stairs, and denying him use of a wheelchair, crutches, or ADA van.

**Count 3** - Illinois negligence claim against Defendants for the conduct described herein.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. All of the claims survive preliminary review.

### Count 1

The Eighth Amendment protects prisoners from conditions of confinement that pose a substantial risk of serious harm to the prisoner. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials may be liable for an Eighth Amendment violation if they know that an inmate faces a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). In addition, deliberate indifference to serious medical needs of prisoners also constitutes cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

All Eighth Amendment claims have an objective and a subjective component. To satisfy the objective component, the condition must be sufficiently serious. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the subjective component, the plaintiff must set forth allegations suggesting that each defendant knew of and disregarded a known risk to the inmate's health or safety. *Id.*

The allegations support a claim in Count 1 against C/O Doe #1, C/O Doe #2, and C/O Doe #3. All of these defendants were aware of Plaintiff's medical permit and his need for a low bunk on a low gallery. However, they disregarded the permit, and Plaintiff subsequently fell down the stairs and injured himself. In addition, C/O Doe #3 denied Plaintiff access to medical care for his injuries. Given these allegations, the Court cannot dismiss Count 1 against C/O Doe #1, C/O Doe #2, and C/O Doe #3.

However, the allegations support no claim in Count 1 against Warden Lamb. The allegations do not suggest that the warden was aware of or involved in the decision to ignore Plaintiff's medical permit or deny him medical care in April 2017. (Doc. 30, pp. 1-6). By all indications, the warden was named as a defendant because of his supervisory role at the prison. However, this is not enough to support a § 1983 claim against the warden.

The doctrine of *respondeat superior* is inapplicable under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Individual liability hinges on personal involvement in the deprivation of a constitutional right. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). And absent any allegations suggesting that the warden even knew about the permit or Plaintiff's need for medical treatment, this claim against the warden fails. Count 1 shall be dismissed against Warden Lamb without prejudice.

**Count 2**

Plaintiff shall be allowed to proceed with his claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794-94e.[1] According to the ADA, "no qualified individual with a

---

[1] Plaintiff does not invoke the Rehabilitation Act in the Second Amended Complaint. (Doc. 30, pp. 1-6). However, at this early stage in litigation, the Court must consider all

disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. However, the Rehabilitation Act includes as an additional requirement the receipt of federal funds, which all states accept for their prisons. *Cutter v. Wilkinson*, 544 U.S. 709, 716 n. 4 (2005). Discrimination under both includes the failure to accommodate a disability. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012) (citation omitted).

Plaintiff alleges that he is unable to ascend or descend stairs due to the lingering effects of an old gunshot wound. (Doc. 30, p. 4). He suffers from "serious" left leg weakness and requires assistive devices and placement on a low gallery in a low bunk. (Doc. 30, pp. 1-6). Nevertheless, Plaintiff was denied housing in a low gallery and assignment to a lower bunk. *Id.* As a result, he fell and injured himself. *Id*. He was denied access to health care, as well as other "programs or activities" at the prison. (Doc. 30, p. 4). He was also denied assistive devices during his subsequent prison transfer. *Id*. These allegations are sufficient to articulate a colorable ADA and/or Rehabilitation Act claim.

However, this claim cannot proceed against the individual defendants named in this action because individual employees of the IDOC cannot be sued

---

of Plaintiff's claims. For this reason, the Court now analyzes the disability-related claim under both the ADA and the Rehabilitation Act. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

under the ADA or Rehabilitation Act. *Jaros*, 684 F.3d at 670 n. 2 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131). For this reason, Count 2 shall be dismissed with prejudice against C/O Doe #1, C/O Doe #2, C/O Doe #3, and Warden Lamb, in their individual capacities. The claim shall instead proceed against Warden Lamb in his official capacity. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (naming state official, in his or her official capacity, is tantamount to naming the state agency, and, in this case, an agency that also receives federal funding for purposes of the Rehabilitation Act).

## Count 3

Plaintiff also asserts a common law negligence claim against all of the defendants. (Doc. 30, pp. 4-5). In cases that contain both federal and state law claims, a district court may exercise supplemental jurisdiction over the state claims when they "are so related to [the federal claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's negligence claim is clearly related to his federal law claims. All of the claims arise from the same set of facts.

Further, the Second Amended Complaint sets forth allegations that establish a prima facie claim of negligence against the defendants under Illinois law. The essential elements of a cause of action based on common law negligence in Illinois are the existence of a duty owed by the defendant to the plaintiff, breach of that duty, and an injury caused by that breach. *Clifford v. Wharton Business Group, L.L.C.*, 353 Ill. App. 3d 34, 40 (Ill. App. 2004) (citing *Ward v. K Mart*

*Corp.*, 136 Ill. 2d 132, 140 (Ill. App. 1990)). According to the allegations, all of the defendants had a duty to exercise reasonable care with respect to Plaintiff's safety. (Doc. 30, p. 4). They were aware of his leg weakness and his medical permit. (Doc. 30, p. 5). Nevertheless, the defendants negligently failed to exercise their duty of care over the plaintiff, resulting in his subsequent fall and injuries. *Id*. At this stage, the Court will allow Count 3 to proceed against C/O Doe #1, C/O Doe #2, C/O Doe #3, and Warden Lamb.

## **Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with Counts 1 and 3 against C/O John Doe #1, C/O John Doe #2, and C/O John Doe #3. Before service of the Second Amended Complaint can be made on these defendants, however, they must be identified with particularity. Where a complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the plaintiff should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832.

In this case, Warden Lamb is already named as a defendant. The warden, acting in his official capacity, shall be responsible for answering informal or formal discovery aimed at identifying the unknown correctional officers. Guidelines for discovery will be set by a United States Magistrate Judge. Once the names of these defendants are discovered, Plaintiff shall file a Motion for Substitution of Parties, in order to substitute the newly identified defendants in

place of the generic designations in the case caption and throughout the Second Amended Complaint.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and will receive further review against Defendants **C/O JOHN DOE #1, C/O JOHN DOE #2,** and **C/O JOHN DOE #3**. However, this claim is **DISMISSED** without prejudice against Defendant **NICHOLAS LAMB** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** survives screening and will receive further review against Defendants **NICHOLAS LAMB (official capacity only)**. However, this claim is **DISMISSED** with prejudice against Defendants **C/O JOHN DOE #1, C/O JOHN DOE #2,** and **C/O JOHN DOE #3** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 3** survives screening and shall proceed against Defendants **NICHOLAS LAMB, C/O JOHN DOE #1, C/O JOHN DOE #2,** and **C/O JOHN DOE #3**.

**IT IS FURTHER ORDERED** that as to **COUNTS 1, 2,** and **3,** the Clerk of Court shall prepare for Defendants **NICHOLAS LAMB, C/O JOHN DOE #1 (once identified), C/O JOHN DOE #2 (once identified),** and **C/O JOHN DOE #3 (once identified):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc.

30), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that service shall not be made on Defendants **C/O JOHN DOE #1, C/O JOHN DOE #2,** or **C/O JOHN DOE #3** until such time as Plaintiff has identified these defendants by name in a properly filed Motion for Substitution of Parties. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United

States Magistrate Judge for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendants (C/O John Doe ##1-3) with particularity. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for

want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

*[signature: David R. Herndon]*

Judge Herndon
2018.04.25
13:03:40 -05'00'

**United States District Judge**

13